U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
APR 3 0 2008
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| L & L HOLDING COMPANY, L.L.C. | CIVIL ACTION NO. 05-0794-A (LEAD) |
| -vs- | JUDGE DRELL |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE KIRK |

consolidated with

| | |
|---|---|
| CONTINENTAL HOLDINGS SPENDTHRIFT TRUST | CIVIL ACTION NO. 05-0817-A (MEMBER) |
| -vs- | JUDGE DRELL |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE KIRK |

### RULING

Before the Court are cross-motion for summary judgment filed by the defendant (Doc. 22), the United States of America, and the plaintiffs (Doc. 23), L&L Holding Company, L.L.C. ("L&L") and Continental Holdings Spendthrift Trust ("Continental"), asserting that no genuine issues of material fact remain to preclude judgment as a matter of law. For the reasons set forth below, the United States's motion is GRANTED, and the plaintiffs' motion is DENIED.

## SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure states that summary judgment

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Id. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2510-11 (1986). If the movant produces evidence tending to show there is no genuine issue of material fact, the nonmovant must then direct the Court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 321-23, 106 S. Ct. 2548, 2552 (1986)). In the analysis, all inferences are drawn in the light most favorable to the nonmovant. Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989). However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient to defeat a motion for summary judgment. Brock v. Chevron U.S.A., Inc., 976 F.2d 969, 970 (5th Cir. 1992). Finally, "a mere scintilla [of evidence] is not enough to defeat a motion for summary judgment." Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1086 (5th Cir. 1994) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).

## BACKGROUND AND FACTS

Pursuant to LR56.1, the United States attached to its motion for summary judgment "a separate, short and concise statement of the material facts as to which the

moving party contends there is no genuine issue to be tried." In response, pursuant to LR56.2, the plaintiffs, L&L and Continental, objected to only paragraph 8 of that statement of material facts on the basis that it asserted a legal conclusion. Accordingly, we exclude that paragraph, but because the statement otherwise sets out the relevant undisputed facts concisely, we reproduce it[1] here:

> 1. Gonzales Home Health Care, L.L.C., ("Gonzales") is a limited liability company organized under the laws of Louisiana. (Ex. A - Louisiana Secretary of State website record; Amended Compl. ¶ 3; Ans. ¶ 3.)
>
> 2. From June 15, 2000, through August 8, 2001, plaintiff Continental Holdings Spendthrift Trust ("Continental") was Gonzales' sole owner. (Amended Compl. ¶ 3; Ans. ¶ 3.)
>
> 3. Plaintiff L&L Holding Company, L.L.C., ("L&L") has been Gonzales' sole owner since August 9, 2001. (Amended Compl. ¶ 10; Ans. ¶10.)
>
> 4. During the third and fourth quarters of 2000 and the first and second quarters of 2001, and while Continental was Gonzales' sole owner, Gonzales incurred federal employment tax (Form 941) liabilities, which remain unpaid. (Amended Compl. ¶¶ 3-6; Ans. ¶¶ 3-6.)
>
> 5. During tax year 2000, and while Continental was Gonzales' sole owner, Gonzales incurred federal unemployment tax (Form 940) liabilities, which remain unpaid. (Amended Compl. ¶¶ 3, 7-9; Ans. ¶¶ 3, 7-9.)
>
> 6. During the third and fourth quarters of 2001 and the fourth quarter of 2002, and while L&L was Gonzales' sole owner, Gonzales incurred federal employment tax (Form 941) liabilities, which remain unpaid. (Amended Compl. ¶¶ 10-13; Ans. ¶¶ 10-13.)
>
> 7. During tax year 2001, and while L&L was Gonzales' sole owner, Gonzales incurred federal unemployment tax (Form 940) liabilities, which remain unpaid. (Amended Compl. ¶¶ 10, 14-16; Ans. ¶¶ 10, 14-16.)

---

[1] The plaintiffs' own statement of material facts (Doc. 23-2) is not reproduced here. It is much longer, primarily due to the inclusion of numerous facts indicating that Gonzales, and not Continental or L&L, was the statutory "employer" for employment tax purposes. Those facts are irrelevant to the question of ultimate liability for those taxes, however. Based on our analysis below, Continental and L&L are responsible for the employment taxes <u>because</u> Gonzales is the statutory "employer," not despite that fact.

* * *

>9. Gonzales filed a Chapter 11 bankruptcy petition, Case No. 02-81681, in the United States Bankruptcy Court for the Western District of Louisiana on October 15, 2002. The IRS filed a proof of claim in Gonzales' bankruptcy proceedings. That proof of claim did not include the federal employment and unemployment tax liabilities that were incurred while Continental and L&L, respectively, were sole owners of Gonzales. (Amended Compl. ¶¶ 20-21; Ans. ¶¶ 20-21.)
>
>10. On November 10, 2003, the Internal Revenue Service filed a Notice of Federal Tax Lien against Continental in Concordia Parish, Louisiana, in relation to the Form 941 liabilities for the third and fourth quarters of 2000 and the first and second quarters of 2001, and the Form 940 liability for 2000, incurred in connection with the operation of Gonzales. (Ex. B - IRS Facsimile Federal Tax Lien Document regarding Continental.)
>
>11. On November 10, 2003, the IRS filed a Notice of Federal Tax Lien against L&L in Concordia Parish, Louisiana, in relation to the Form 941 liabilities for third and fourth quarters of 2001 and the fourth quarter of 2002, and the Form 940 liability for 2001, incurred in connection with the operation of Gonzales. (Ex. C - IRS Facsimile Federal Tax Lien Document regarding L&L.)
>
>12. In response to the Notices of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 that the IRS had issued to Continental and L&L on November 6, 2003, Continental and L&L each timely filed a request for a "collection due process" hearing before the IRS. (Amended Compl. ¶¶ 26-27, 30; Ans. ¶¶ 26-27, 30; Ex. D - Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 regarding Continental; Ex. E - Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 regarding L&L; Ex. F - Request for a Collection Due Process Hearing by Continental; Ex. G - Request for a Collection Due Process Hearing by L&L.)
>
>13. Following a hearing before an IRS Appeals Officer, the IRS issued Notices of Determination Concerning Collection Action Under Section 6320 to Continental and L&L upholding the filing of the Notices of Federal Tax Lien against them. (Amended Compl. ¶¶ 31-32, 34; Ans. ¶¶ 31-32, 34; Ex. H - Notice of Determination, dated April 8, 2005, regarding L&L; Ex. I - Notice of Determination, dated April 12, 2005, regarding Continental.)

(Doc. 22-3, pp. 1-4). Significantly, it is also undisputed that Gonzales never made an

4

election under the I.R.S.'s Check-the-Box regulations, Treas. Reg. §§ 301.7701-1 through 301.7701-3, to be treated other than under the default regulatory rules.

On May 9, 2005, L&L filed suit in this Court, and on May 12, 2005, Continental did the same. On June 1, 2005, we consolidated the suits, and on January 10, 2006, the plaintiffs filed a joint first amended and restated complaint. The plaintiffs appeal from the Internal Revenue Services's actions listed above. In particular, the plaintiffs argue that the Internal Revenue Service's interpretation of the regulations is unreasonable, and they seek a release of the tax liens filed against them; a judgment that neither Continental nor L&L are the taxpayers liable for Gonzales's employment taxes; a refund of taxes already paid by Continental and L&L on behalf of Gonzales; and attorney's fees. The United States answered on March 24, 2006. On July 27, 2007, the United States (Doc. 22) and the plaintiffs (Doc. 23) filed the cross-motions for summary judgment now before us.

## ANALYSIS

Because this well argued case involves a dispute over the validity of the tax liability at issue, we review the I.R.S.'s determination de novo. See Dogwood Forest Rest Home, Inc. v. U.S., 181 F. Supp. 2d 554, 559 (M.D.N.C. 2001) (citing 26 U.S.C. § 6330(d) (relating to the due process required prior to an I.R.S. levy), its legislative history, and numerous district court cases); Sego v. Commissioner, 114 T.C. 604, 610 (2000) ("[W]here the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative

determination for abuse of discretion") (quoted in Dogwood, 181 F. Supp. 2d at 559). See also 26 U.S.C. § 6320(c) (applying § 6330(d), "other than paragraph (2)(B) thereof," as part of the due process required prior to the I.R.S.'s filing a lien).

Although our review is de novo, the relevant facts are undisputed, and all that remains is a legal determination. There is no bar to decision at this point. Three questions must be answered in order for the plaintiffs to succeed on all their claims. First, are the Check-the-Box regulations, Treas. Reg. §§ 301.7701-1 through 301.7701-3, valid as applied to this situation, where the United States seeks to recover employment taxes from the sole owner[2] of a single-member L.L.C. based on the L.L.C.'s failure to make an election under the Check-the-Box regulations? Second, and closely related, may the United States impose a tax lien on that sole owner of that L.L.C.? Third, does this Court have jurisdiction to hear the plaintiffs' claim for a tax refund? Because we answer the first two questions in the affirmative, the plaintiffs cannot succeed on any of their claims, so the third question is moot.

The essence of the plaintiffs' argument is that there is a conflict between the employment tax statutes[3] in the Internal Revenue Code ("I.R.C.") and the Check-the-Box regulations relied upon by the United States to find that Continental and L&L are responsible for Gonzales's employment taxes. Specifically, the plaintiffs argue as follows:

---

[2] While there are two plaintiffs, Continental and L&L, each one was the sole owner at the time it owned an interest in Gonzales. Thus, the questions addressed in this ruling are equally applicable to both Continental and L&L for their respective periods of ownership.

[3] 26 U.S.C. §§ 3101-3128 ("Federal Insurance Contributions Act"), 3301-3331 ("Federal Unemployment Tax Act"), and 3401-3406 ("Collection of Income Tax at Source on Wages").

> Under the Federal Insurance Contributions Act, an "employee" "...means any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee..." [I.R.C.] Section 3121(d)(2). . . .
>
> Under the Federal Unemployment Tax Act, the term "employer" "...means, with respect to any calendar year, any person who (A)... paid wages of $1500 or more or (B)...employed at least one individual in employment..." . . .
>
> Under Chapter 24 of Subtitle C of the Internal Revenue Code, "Collection of Income Tax at Source on Wages", the term "wages" "...means all remuneration ...for services performed by an employee for his employer...", see, section 3401(a) and the term "employer" "...the person for whom an individual performs or performed any service, of whatever nature, as the employee of such person..." See, Section 3401(d). . . .
>
> These provisions establish that Congress has directly spoken on the precise issue in question, that is, "Who is the employer?" These definitions are controlling over which person has the liability for the employment taxes at issue in this case. The employment taxes at issue in this dispute are taxes and obligations imposed on the "employer", as defined in the Internal Revenue Code . . . .
>
> The relevant facts in this case demonstrate that neither Continental nor L & L meets the statutory definition of "employer" with respect to the wages paid for which the Notice of Federal Tax Lien have been filed. Therefore the Internal Revenue Service's position that the "Check the Box" regulations require that these parties to be treated as the "employer" conflicts with the plain language of the above cited provisions of the Internal Revenue Code.

(Doc. 23-3, plaintiffs' memorandum in support of motion for summary judgment, pp. 10-12) (footnote omitted).

The plaintiffs argue that <u>only</u> Gonzales is included within the statutory definition of "employer" for employment tax purposes and that the purportedly conflicting Check-the-Box regulations which would allow recovery against Continental and L&L must fail the first part of the test set out in <u>Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837 (1984):

7

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

Id. at 842-43 (footnotes omitted).

We agree with the plaintiffs that Gonzales as an entity is the "employer" within the I.R.C.'s employment tax statutes, but we find that there is no conflict between the statutes and the regulations, because the Check-the-Box regulations do not redefine "employer" and do not otherwise conflict with the statute. Rather, the regulations define the tax treatment of certain entities for all tax purposes, including employment tax purposes. The plaintiffs ignore the facts that Gonzales was a limited liability company throughout the relevant periods; that the I.R.C. does not define "limited liability company" (see 26 U.S.C. § 7701, providing definitions applicable to the entire I.R.C.) or how such a company is to be treated; and that tax treatment of limited liability companies is covered only in the Check-the-Box regulations, Treas. Reg. §§ 301.7701-1 through 301.7701-3. See McNamee v. Dep't of the Treasury, 488 F.3d 100, 107-09 (2d Cir. 2007).

As they existed during the periods relevant to this suit, the Check-the-Box regulations allowed a single-member L.L.C. to be treated as either a corporation (at the entity's election) or as a disregarded entity (the default rule).:

> (a) Organizations for federal tax purposes—(1) In general. The Internal Revenue Code prescribes the classification of various organizations for federal tax purposes. Whether an organization is an entity separate from its owners for federal tax purposes is a matter of federal tax law and does not depend on whether the organization is recognized as an entity under local law.
>
> * * *
>
>> (4) Single owner organizations. Under §§ 301.7701-2 and 301.7701-3, certain organizations that have a single owner can choose to be recognized or disregarded as entities separate from their owners.

Treas. Reg. § 301.7701-1(a) (2001).

> (a) Business entities. For purposes of this section and § 301.7701-3, a business entity is any entity recognized for federal tax purposes (including an entity with a single owner that may be disregarded as an entity separate from its owner under § 301.7701-3) that is not properly classified as a trust under § 301.7701-4 or otherwise subject to special treatment under the Internal Revenue Code. . . . A business entity with only one owner is classified as a corporation or is disregarded; if the entity is disregarded, its activities are treated in the same manner as a sole proprietorship, branch, or division of the owner.
>
> * * *
>
> (c) Other business entities. For federal tax purposes —
>
> * * *
>
>> (2) Wholly owned entities—(i) In general. A business entity that has a single owner and is not a corporation under paragraph (b) of this section is disregarded as an entity separate from its owner.

Treas. Reg. § 301.7701-2(a) & (c) (2001).

> (a) In general. A business entity that is not classified as a corporation . . . can elect its classification for federal tax purposes as provided in this section. . . . [A]n eligible entity with a single owner can elect to be classified as an association or to be disregarded as an entity separate from its owner. Paragraph (b) of this section provides a default classification for

an eligible entity that does not make an election. Thus, elections are necessary only when an eligible entity chooses to be classified initially as other than the default classification or when an eligible entity chooses to change its classification. An entity whose classification is determined under the default classification retains that classification (regardless of any changes in the members' liability that occurs at any time during the time that the entity's classification is relevant . . .) until the entity makes an election to change that classification under paragraph (c)(1) of this section.
. . .

(b) Classification of eligible entities that do not file an election—(1) Domestic eligible entities. Except as provided in paragraph (b)(3) of this section, unless the entity elects otherwise, a domestic eligible entity is—

\* \* \*

>  (ii) Disregarded as an entity separate from its owner if it has a single owner.

Treas. Reg. § 301.7701-3(a) & (b) (2001).

Most significantly, these Check-the-Box regulations are made applicable to the entire I.R.C. for all "federal tax purposes," Treas. Reg. § 301.7701-1(a) (2001), just as the definitional statute which the regulations interpret, 26 U.S.C. § 7701, applies to the entire I.R.C. During the relevant periods, the Check-the-Box regulations made no exceptions in this classification scheme for employment taxes. Based on amendments to the regulations first proposed in October 2005 (see Littriello v. U.S., 484 F.3d 372, 378 (6th Cir. 2007)), a special rule was recently added for employment tax purposes, whereby the sole owner of otherwise disregarded entity is exempted from the entity's employment tax obligations but is subject to the tax on self-employment income. Treas. Reg. § 301.7701-2(c)(2)(iv). However, under 26 U.S.C. § 7805, the general rule is that regulations are not retroactive, and the special rule set out in § 301.7701-2(c)(2)(iv) was <u>not</u> made

10

retroactive.[4] Accordingly, for the relevant periods, the Check-the-Box regulations applied equally to employment taxes.

In light of the above, we can say the following: Gonzales is the "employer" under the employment tax statutes in the I.R.C. and thus responsible for the employment taxes. However, Gonzales is an L.L.C., a type of entity that is not defined in the I.R.C., 26 U.S.C. § 7701, so the only way to determine <u>how</u> to tax Gonzales is to refer to the regulations, specifically the Check-the-Box regulations. It is undisputed that Gonzales was a single-member L.L.C. throughout the relevant periods and had not made an election under the Check-the-Box regulations to be treated as a corporation. Consequently, Gonzales must be treated under the Check-the-Box regulations as a disregarded entity, so that the Internal Revenue Service must look to the successive sole owners, Continental and L&L, for recovery of the employment taxes.

We find no conflict between the employment tax statutes in the I.R.C. and the Check-the-Box regulations as applied to this case. We are not alone in this assessment. See <u>McNamee</u>, 488 F.3d at 111 ("Thus, nothing in the Code provides that an LLC is always to be regarded, for purposes of federal taxation, as the employer. Under the pertinent Treasury Regulations, . . . it is '[d]isregarded' as a 'separate' entity, . . . and hence cannot be regarded as the employer."); <u>Littriello</u>, 484 F.3d at 378 ("[T]he plaintiff's failure to make an election under the 'check-the-box' provision dictates that his [L.L.C.s] be treated as disregarded entities. . .; . . . he is, therefore, liable individually for the

---

[4] Even if the amendment were retroactive, it might not lead to the result that the plaintiffs seek, since they would not escape without incurring any tax liability: under the new rule, they would be liable for self-employment taxes. Of course, this is only a fleeting observation. We do not rule on that issue.

11

employment taxes due and owing from those businesses because they constitute sole proprietorships under § 7701, and he is the proprietor."); and Kandi v. U.S., 2006 WL 83463, *5 (W.D. Wash. 2006) ("Thus, employment taxes for a single-member LLC begin as a member/owner liability and are never attributable to the LLC. Because employment taxes are a member liability, they are properly assessable against the member.") (emphasis in original). Rather than being in conflict with the employment tax statutes, the regulations in this case are in harmony with them, since they resolve an ambiguity in how to treat an L.L.C. for tax purposes.

Finally, both Continental and L&L received some benefit from Gonzales's classification as a disregarded entity, and if they did not like that result, it was entirely within their power, as successive sole owners, to have Gonzales make an election under the Check-the-Box regulations to change that classification. The McNamee court explained:

> In light of the emergence of limited liability companies and their hybrid nature, and the continuing silence of the Code on the proper tax treatment of such companies in the decade since the present regulations became effective, we cannot conclude that the above Treasury Regulations, providing a flexible response to a novel business form, are arbitrary, capricious, or unreasonable. The current regulations allow the single-owner limited liability company to choose whether to be treated as an "association"—i.e., a corporation—or to be disregarded as a separate entity. If such an LLC elects to be treated as a corporation, its owner avoids the liabilities that would fall upon him if the LLC were disregarded; but he is subject to double taxation-once at the corporate level and once at the individual shareholder level. If the LLC chooses not to be treated as a corporation, either by affirmative election or by default, its owner will be liable for debts incurred by the LLC, but there will be no double taxation. The IRS check-the-box regulations, allowing the single-owner LLC to make the choice, are therefore eminently reasonable. Accord Littriello, 484 F.3d 372, 376-79.

McNamee, 488 F.3d at 109.

In light of the above analysis and after <u>de novo</u> review, we rule that the Internal Revenue Service's interpretation of the Check-the-Box regulations is correct as applied to the levy of employment taxes on and the filing of related tax liens against successive sole owners of a single-member limited liability company. Gonzales was a disregarded entity throughout the relevant period, so the levy of employment taxes incurred by Gonzales against Continental and L&L is proper. Consequently, we grant the United States's motion for summary judgment and deny the plaintiffs' motion. By separate judgment, the plaintiffs' suit will be dismissed with prejudice. As a result, we need not discuss whether we have jurisdiction to grant the plaintiffs' requests for tax refunds for taxes already paid.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment (Doc. 22) filed by the defendant , the United States of America, is GRANTED, and the motion for summary judgment (Doc. 23) filed by the plaintiffs, Continental and L&L, is DENIED. By separate judgment, the plaintiffs' suit will be DISMISSED WITH PREJUDICE

SIGNED on this 30 day of April, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE